UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-532-RJC-DSC

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| ANA RUTH ROMENSKI, Individually ) | |
| and d/b/a/ LAS AQUILAS; and SACHA, ) | |
| LLC, a business entity d/b/a LAS ) | |
| AQUILAS, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on Plaintiff J&J Sports Productions, Inc.'s ("Plaintiff") "Application for Default Judgment by the Court." (Doc. No. 9).

**I.    BACKGROUND**

Plaintiff filed suit against Defendants Ana Ruth Romenski and Sacha, LLC, doing business as Las Aquilas ("Defendants") on October 21, 2011. (Doc. No. 1). Plaintiff personally served Ana Ruth Romenski on November 19, 2011. (Doc. No. 5). She is the registered agent for Sacha, LLC. Defendants had until December 10, 2011 to answer or otherwise respond. FED. R. CIV. P. 12(a)(1)(A)(i). Defendants failed to respond within this time. Plaintiff moved for entry of default on January 6, 2012. (Doc. No. 6). The clerk entered default against Defendants on January 9, 2012. (Doc. No. 7). Plaintiff has now moved for default judgment. (Doc. No. 9).

**II.    LEGAL STANDARD**

The entry of default judgment is governed by Rule 55 of the Federal Rules of Civil Procedure which provides in relevant part that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

affidavit or otherwise, the clerk must enter the party's default."  FED. R. CIV. P. 55(a).

Upon the entry of default, the defaulted party is deemed to have admitted all well-pleaded allegations of fact contained in the complaint.  Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001); Weft, Inc. v. GC Inv. Assocs., 630 F. Supp. 1138, 1141 (E.D.N.C. 1986) (citations omitted); see also FED. R. CIV. P. 8(b)(6) ("An allegation - other than one relating to the amount of damages - is admitted if a responsive pleading is required and the allegation is not denied.").  However, the defendant is not deemed to have admitted conclusions of law and the entry of "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover."  Ryan, 253 F.3d at 780 (citations omitted); see also E.E.O.C. v. Carter Behavior Health Servs., Inc., No. 4:09-cv-122-F, 2011 WL 5325485, at *3 (E.D.N.C. Oct. 7, 2011).  Rather, in determining whether to enter judgment on the default, the court must determine whether the well-pleaded allegations in the complaint support the relief sought.  See Ryan, 253 F.3d at 780 (citing Weft, 630 F. Supp. at 1141); DIRECTV, Inc. v. Pernites, 200 F. App'x 257, 258 (4th Cir. 2006) (a ""defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law"") (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)); Arista Records, LLC v. Gaines, 635 F. Supp. 2d 414, 416 (E.D.N.C. 2009); 10A Wright, Miller & Kane, Federal Practice and Procedure § 2688 (3d ed. Supp. 2010) ("[L]iability is not deemed established simply because of the default ... and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

To that end, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc., 616 F.3d 413, 417 (4th Cir. 2010)

2

Case 3:11-cv-00532-RJC-DSC   Document 10   Filed 02/29/12   Page 2 of 7

(citations omitted). Nonetheless, default judgment "may be appropriate when the adversary process has been halted because of an essentially unresponsive party." SEC v. Lawbaugh, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

If the court finds that liability is established, it must then determine damages. Carter Behavior Health, 2011 WL 5325485, at *4 (citing Ryan, 253 F.3d at 780-81; Gaines, 635 F. Supp. 2d at 416-17). The court must make an independent determination regarding damages, and cannot accept as true factual allegations of damages. Id. (citing Lawbaugh, 359 F. Supp. 2d at 422). While the court may conduct an evidentiary hearing to determine damages, it is not required to do so, but may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. See EEOC v. CDG Mgmt., LLC, No. RDB-08-2562, 2010 WL 4904440, at *2 (D. Md. Nov. 24, 2010) (citations omitted); EEOC v. North Am. Land Corp., No. 1:08-cv-501, 2010 WL 2723727, at *2 (W.D.N.C. Jul. 8, 2010).

## III. ANALYSIS

Plaintiff alleged that it was granted the exclusive nationwide commercial distribution rights to a televised fight between Juan Manuel Marquez and Juan Diaz on July 31, 2010 ("Program"). (Doc. No. 1 at 3). Plaintiff alleged that Defendants knew the Program was not to be intercepted or received or exhibited without authorization from Plaintiff. (Id. at 4). Plaintiff alleges that, nonetheless, Defendants published, divulged, and exhibited the Program at the time of its transmission at their Charlotte commercial establishment. (Id.). Plaintiff further alleges that Defendants' unauthorized exhibition was done willfully and for purposes of direct or indirect commercial advantage or private financial gain. (Id.). Plaintiff also alleges that, by these same acts, Defendants "[tortiously] obtained possession of the Program and wrongfully converted it to [their] own use and benefit." (Doc. No. 1 at 6). Plaintiff claims that these acts

were "willful, malicious, and intentionally designed to harm [Plaintiff] and to subject said Plaintiff to economic distress." (Id.). These facts are admitted by Defendants' failure to respond. Ryan, 253 F.3d at 780.

In its complaint, Plaintiff asked for statutory damages in the amount of $150,000, full costs of the action, including attorneys' fees, and "compensatory damages in an amount according to proof against Defendants." See (Doc. No. 1 at 5-7); 47 U.S.C. §§ 553(3)(B) & 605(e)(3)(C)(ii). In its motion for default judgment, Plaintiff asks for $10,000 in statutory damages and $250,000 in "enhanced damages." (Doc. No. 9-1 at 7, 17). But Plaintiff may not recover a default judgment that "differ[s] in kind, or exceed[s] in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c); Eddins v. Medlar, Nos. 87-2602, 89-2910, 1989 WL 87630, at *3 (4th Cir. July 21, 1989). Likewise, Plaintiff is not entitled to a double recovery. Plaintiff may not recover under both Sections 553 and 605. Integrated Sports Media, Inc. v. Buruca Brother's Va., Inc., No. 1:11-cv-839, 2011 WL 5873078, at *5 (E.D.V.A. Nov. 1, 2011) (citing Kingvision Pay-Per-View, Ltd. v. Gutierrez, 544 F. Supp. 2d 1179, 1184 (D. Co. 2008); Time Warner Cable of New York City v. Sanchez, No. 02 Civ.5855, 2003 WL 21744089, at *3 (S.D.N.Y. July 8, 2003). When plaintiffs seek both, courts evaluate their claims under Section 605 because it provides for a higher potential recovery. Buruca Brother's, 2011 WL 5873078, at *5; see also 47 U.S.C. §§ 553(3)(B) & 605(e)(3)(C)(ii). Further, Plaintiff may not recover conversion damages in addition to actual or statutory damages under Section 605. See Joe Hand Promotions, Inc. v. Dock Street Enters., Inc., No. 11-1973, 2011 WL 6141058, at *5 n.5 (D. Md. Dec. 8, 2011); J & J Sports Prod., Inc. v. J.R.'Z Neighborhood Sports Grille, Inc., No. 9-3141, 2010 WL 1838432, at *2 (D.S.C. Apr. 5, 2010). Plaintiff's allegations are sufficient to establish a violation of 47 U.S.C. § 605(a). Plaintiff's potential recovery is capped at the $100,000, plus

4

costs and attorneys' fees, that it pled. (Doc. No. 1 at 4-5).

> As a "person aggrieved" by a violation of Section 605, plaintiff may be granted injunctive relief and/or damages, and must be granted reasonable attorneys' fees and costs. 47 U.S.C. § 605(e)(3)(B)(i)-(iii). The court may award either actual damages suffered as a result of a violation of Section 605, as well as any profits attributable to the violation, or statutory damages of not less than $1,000.00 and not more than $10,000.00. 47 U.S.C. § 605(e)(3)((C)(i)(I)-(II). . . .

Buruca Brother's, 2011 WL 5873078, at *5.

Plaintiff has opted for statutory damages. (Doc. No. 9-1 at 8). "Courts have employed two general approaches to calculating statutory damages: basing the damages calculation on the number of patrons in an establishment during the unauthorized broadcast or utilizing a flat damage amount." Buruca Brother's, 2011 WL 5873078, at *5. Plaintiff argues that the Court should use the second method and apply a flat damage amount, partly because there was no per-person rate for the program. (Doc. No. 9-1 at 10). The Court agrees. See also Joe Hand Promotions, Inc. v. Angry Ales, Inc., No. 3:06-cv-73, 2007 WL 3226451, at *5 (W.D.N.C. Oct. 29, 2007) (Reidinger, J.) (awarding flat damages amount). Aside from costs and attorneys' fees, Plaintiff's only actual damages claims are the $1,200 Program fee Plaintiff charged establishments of Defendants' size and an undenominated amount that Plaintiff expended on "investigation." (Doc. No. 9-1 at 12). But Plaintiff does not describe what investigation was conducted or how Plaintiff discovered Defendants' illicit conduct. Plaintiff's President, Joseph Gagliardi filed an affidavit referencing the affidavit of one Michael W. Sanders, who allegedly saw the Program at Defendants' establishment. (Doc. No. 9-3 at 2-3). But Plaintiff failed to file Sanders's affidavit. Therefore, the Court will initially award Plaintiff only $1,200 in statutory damages.

"If the court finds that the violation was willful and for 'purposes of direct or indirect

5

commercial advantage or private financial gain' the court may increase the amount of actual or statutory damages by an amount of not more than $100,000.00." Buruca Brother's, 2011 5873078, at *6. The primary purpose behind this provision is to deter future violations. See J&J Sports Prods., Inc. v. Las Chivas, No. 5:10-cv-187, 2012 WL 71819, at *3 (W.D.N.C. Jan. 10, 2012) (Voorhees, J.). In determining the precise amount of damages appropriate:

> [t]he Fourth Circuit has deemed the following factors ("the Nalley factors") relevant: the severity of the violation; the degree of harm to the plaintiff; the relative financial burdens of the parties; and the purpose to be served by imposing statutory damages. Id.. at 330. In addition, the Nalley factors "should be considered against the backdrop of the seriousness with which Congress has treated the underlying conduct at issue." Id. at 328 (noting that Congress intended "that violators who intercept encrypted transmissions, requiring greater technical savvy and efforts, are to face greater punishments than those who take fewer measures in order to intercept nonencrypted transmissions.")

See J&J Sports Prods., Inc. v. Olmos, No. 5:08-cv-33, 2010 WL 625283, at *2 (W.D.N.C. Feb. 19, 2010) (Voorhees, J.) (citing DIRECTV, Inc. v. Rawlins, 523 F.3d 318, 330 n.8 (4th Cir. 2008); Nalley v. Nalley, 53 F.3d 649, 652 (4th Cir. 1995)).

Plaintiff pled that Defendants intercepted its Program "willfully and for purposes of direct or indirect commercial advantage or private financial gain." (Doc. No. 1 at 4). It is clear that defendant's violation, taking place in a commercial establishment rather than a residence, was committed for purposes of direct or indirect commercial advantage and the pleadings make clear that such interception cannot be done accidentally or innocently. (Doc. No. 9-3). An award of some enhanced damages is therefore appropriate as a deterrent. However, the maximum allowable enhanced damages award is inappropriate where Plaintiff has failed to provide any detail as to the amount of Defendants' illicit profit, the number of patrons who saw the Program at Defendants' establishment, or any history of similar violations. After an analysis of the Nalley factors, the Court finds that trebling the amount of the Program Fee of $1200 is a

sufficient deterrent an therefore awards a total of $3,600.

Plaintiff requests $1,012.50 in attorneys' fees. (Doc. No. 9-4 at 2). This sum represents 4.5 hours of work at $225 per hour. (Id.). This amount of fees is reasonable. Plaintiff is also entitled to the costs of this action, but has yet to submit these costs to the Court. See 47 U.S.C. § 605(e)(3)(A)(iii); FED. R. CIV. P. 54(d)(1).

IV.   CONCLUSION

Plaintiff is entitled to a total of $3,600 in statutory damages, $1,012.50 in attorneys' fees, and the full costs of this action.

**IT IS, THEREFORE, ORDERED** that:

1.   Plaintiff's "Application for Default Judgment by the Court," (Doc. No. 9), is **GRANTED IN PART AND DENIED IN PART**; and

2.   The clerk shall enter default judgment in Plaintiff's favor in the amount of $4,612.50 plus the full costs of this action.

Signed: February 29, 2012

Robert J. Conrad, Jr.
Chief United States District Judge